UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DONALD CLEVENGER, and**
**SHERYL LYN CLEVENGER, his wife,**
    Plaintiffs,

vs.                                    Case Number:

**UNITED STATES OF AMERICA,**

    Defendant.
_____/

## COMPLAINT

The Plaintiff, DONALD CLEVENGER, sues the Defendants, UNITED STATES OF AMERICA (hereinafter "U.S.A."), and alleges:

1. This is an action for damages in excess of Seventy-Five ($75,000), exclusive of interest and costs.

2. Plaintiff, DONALD CLEVENGER is a Veteran of the United States Armed Forces and, at all times material, received medical care and treatment from the Veterans Administration.

3. This Court has jurisdiction under the Federal Tort Claims Act and the provisions of 28 U.S.C. §1346(b).

4. Pursuant to 28 U.S.C. § 1346(b), the United States, if a private person would be liable to the Plaintiff for any breach of duty consistent with the laws of Florida, and in particular, §766.102, *Florida Statutes,* which determines the standards for medical negligence in the state.

Plaintiff has conducted a reasonable investigation which has given rise to a good faith belief that grounds exist for an action against this Defendant. in compliance with §766, *Florida Statutes,* which governs medical negligence in the State.

5. Pursuant to the provisions of 28 U.S.C. §2675, on or about July 18, 2017, the Plaintiff provided written notice to the Defendant, U.S.A., of his claims for money damages. The Standard Form 95 form for the Plaintiff is attached hereto and incorporated herein as Exhibit "A".

6. The Plaintiff subsequently received a denial of claims from the VA on May 28, 2019. The denial is attached hereto and incorporated herein as Exhibit "B".

7. Accordingly, under 28 U.S.C. §2675(a), all conditions precedent to filing suit have been either waived or performed.

8. At all times material hereto, Plaintiff had a history of a cataract in his right eye for which he required cataract surgery.

9. On April 11, 2016, Plaintiff's treating physician, Alethia H. Pantazis M.D., performed a complex cataract extraction using phacoemulsification, trypan blue and anterior vitrectomy.

10. At all times material hereto, Alethia H. Pantazis M.D, was acting in the course and scope of her employment as an Ophthalmologist with the Gainesville VA Medical Center.

11. During the procedure while attempting to remove the nucleus of the lens a residual fragment of the nucleus fell into the vitreous of Plaintiff's eye and was unable to be removed.

12. The phaco irrigation machine was not working and attempts to grab the posterior capsule using a phaco tip resulted in a posterior tear which extended anteriorly.

13. Attempts to remove the fragment were made using a vitrector, but again, no irrigation was possible because both the phaco and vitrector were not functioning and unable to irrigate.

14. Because of the mechanical failures of the equipment, Dr. Pantazis inability to remove the fragment from Plaintiff's vitreous, and the likelihood that he would require additional surgery to remove the fragment, no replacement lens was inserted. An incident report was made.

15. The phaco wound was closed, subconjunctival medications were administered and the eye was covered with a Fox shield.

16. Plaintiff was instructed to follow up the same day in the clinic.

17. On April 13, 2016, following the surgery, Plaintiff experienced a syncopal episode leading to loss of consciousness.

18. He was taken to St. Vincent's Medical Center where he was admitted and treated for syncope, sepsis, elevated intraocular pressure, right cataract.

19. Plaintiff was treated for infection and was discharged on April 15, 2016 with a prescription for antibiotics and a determination that he required retinal surgery as soon as possible.

20. On April 28, 2016, Kenneth D. Rappaport, M.D, performed a pars plana vitrectomy, par plana lensectomy on the Plaintiff's right eye.

21. To date, Plaintiff has not regained full vision in his right eye.

22. This Defendant owed DONALD CLEVENGER a duty to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers, including but not limited to the following:

a. Ensuring that its phaco irrigation machines were in working order prior to commencing a procedure on Plaintiff and similarly situated patients;

b. Ensuring that its vitrector machines were in working order prior to commencing a procedure on Plaintiff and similarly situated patients; and

c. Adequately inspecting surgical equipment to ensure it was functional prior to commencing procedures on patients, including the Plaintiff herein.

23. Defendant breached that duty when its physician was unable to remove a broken lens fragment from Plaintiff's eye as a result of the both the phaco machine and the vitrector, not working.

24. Defendant also breached that duty when its physician failed to adequately inspect and ensure that the equipment to be used during Plaintiff's procedure was functional before commencing the procedure.

25. As a direct and proximate result of the aforesaid negligence of the Defendant, DONALD CLEVENGER suffered numerous complications resulting in multiple surgical procedures and ultimately, resulting in impaired vision and impaired ocular function. Sheryl Lyn Clevenger, Donald Clevenger's wife, has also suffered a loss of consortium as a result of the injuries to her spouse. These losses are either permanent or continuing and the Plaintiffs will suffer the losses in the future.

WHEREFORE, the Plaintiff, DONALD CLEVENGER, and SHERYL LYN CLEVENGER, his wife, pray for judgment against the Defendant, UNITED STATES OF AMERICA, damages in an amount in excess of $75,000 together with costs and such other relief as this court deems just.

Respectfully submitted this  _12th ___ day of November, 2019.

/*s/ Vanessa L Brice*_____
**VANESSA L. BRICE, Esq.**
Florida Bar No.: 0076434
**RONALD S. GILBERT, Esq.**
Florida Bar No.: 0375421
**COLLING GILBERT WRIGHT & CARTER**
The Florida Firm
801 N. Orange Avenue
Suite 830
Orlando, FL 32801
Telephone:     (407) 712-7300
Telefax:         (407) 712-7301
Attorneys for Plaintiff
vbrice@thefloridafirm.com
rgilbert@thefloridafirm.com